931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
REBEL MOTOR FREIGHT, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION, Respondent, and
Farrell-Calhoun Paint Co., Intervenor.
 No. 90-3446.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1991.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Rebel Motor Freight, Inc. (Rebel), seeks review of a decision of the Interstate Commerce Commission (ICC) prohibiting Rebel from collecting arrearages from shipper-intervenor, Farrell-Calhoun Paint Company (Farrell-Calhoun). In ruling in Farrell-Calhoun's favor, the ICC invoked the "negotiated rates policy," which has since been discredited by the Supreme Court in favor of the long-established "filed rate doctrine." Maislin Industries v. Primary Steel, Inc., 110 S.Ct. 2759 (1990). See Orr v. I.C.C., 912 F.2d 119 (6th Cir.1990). Pursuant to the Court's holding in Maislin, Rebel is entitled to collect the difference between the rate it negotiated with Farrell-Calhoun for the shipment of paint from Tennessee to Louisiana, and the rate provided for in published tariffs covering such service.
 
 
 2
 For the first time on appeal Farrell-Calhoun charged that--notwithstanding the Supreme Court's abrogation of the negotiated rates policy in Maislin --the negotiated rate for service from Memphis, Tennessee to New Orleans, Louisiana in fact equals the published tariff for service from Memphis to Jefferson, Louisiana, thus defeating Rebel's claim to arrearages. (None of Rebel's shipments on behalf of Farrell-Calhoun were made to New Orleans; instead, all cargo was transported to the neighboring municipality of Jefferson.) The ICC informed the court that it has not had an opportunity to determine whether it was a reasonable practice under the facts and circumstances of this case for Rebel to distinguish carriage between Jefferson and New Orleans for the purpose of billing Farrell-Calhoun.
 
 
 3
 Accordingly, the ICC's decision is hereby REVERSED and the matter is REMANDED to the ICC for consideration of the argument asserted by the intervenor, Farrell-Calhoun.